UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 09-CV-118-KKC

MICHAEL E. COOPER                                                                      PETITIONER

VS:                           **MEMORANDUM OPINION AND ORDER**

J.C. ZUERCHER, *Warden*                                                              RESPONDENT

Michael E. Cooper, the *pro se* petitioner, is confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") which is located in Inez, Kentucky. Cooper has filed a *pro se* civil Petition seeking a Writ of Mandamus under 28 U.S.C. § 1651, naming UPS-Big Sandy Warden J.C. Zuercher as the respondent. [R. 2]

SCREENING

This matter is before the Court for initial screening. Because this is a civil action that is being pursued by a prisoner against a government officer, the Court must screen the plaintiff's claims under 28 U.S.C. § 1915A. In addition, the Court screens the petitioner's claims under 28 U.S.C. § 1915(e) since he is proceeding *in forma pauperis*. Both of these sections require the Court to screen the petition and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id*. §§ 1915(e) & 1915A. By separate Order, the Court has granted Cooper's motion to proceed *in forma pauperis*.

"*Pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir.1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a *pro se* litigant, whether plaintiff or

defendant, is required to follow the law, and assumes the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000). During the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

For the reasons set forth below, Cooper's Petition for mandamus relief will be denied for failure to state a claim upon which relief can be granted. Cooper's Fifth Amendment equal protection and FTCA negligence claims will be also dismissed, but without prejudice.

## CLAIMS ASSERTED

Cooper challenges his custody classification score at USP-Big Sandy. He alleges that USP-Big Sandy official Hope Chance has intentionally refused to lower his 30-point classification designation down to a "22" score, which has prevented him rom obtaining a transfer and other privileges within the prison system. According to Cooper, Ms. Chance has erroneously refused to lower his custody designation because a detainer has been lodged against him. Cooper alleges that a detainer affects only his "base scoring," not his "custody scoring," which he argues should be calculated on the basis of "living skills, Program participation, Family/commun." [R. 2, p. 2] Cooper seeks a writ of mandamus ordering Ms. Chance to lower his custody classification score.

Cooper further asserts that Ms. Chance has discriminated against him on the basis of his Islamic faith. Cooper thus asserts both due process and equal protection claims, which fall under the Fifth Amendment of the United States Constitution.

2

Finally, Cooper alleges that Ms. Chance has negligently refused to lower his custody classification score. Negligence claims fall under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

## DISCUSSION
### 1. Request for Mandamus Relief

Cooper offers the All Writs Act, codified at 28 U.S.C. § 1651, as his jurisdictional source for seeking mandamus relief. The All Writs Act does not confer jurisdiction in this action.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. It is a "residual source of authority to issue writs that are not otherwise covered by statute [, and w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)).

In other words, the All Writs Act is not an independent grant of jurisdiction to a court, but it permits the issuance of writs in aid of the jurisdiction which a court independently possesses. *Tropf v. Fidelity Nat. Title Ins., Co.*, 289 F.3d 929, 943 (6th Cir.2002) (holding that federal courts must have an independent basis for subject matter jurisdiction in order to issue a writ in aid of such jurisdiction under § 1651). In *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002), the Supreme Court continued to limit the application of § 1651, holding that the All Writs Act cannot provide the basis for removal jurisdiction. In so doing the Court emphasized that § 1651 is not an independent font of jurisdiction, and that where a separate

3

statute specifically addresses the issue at hand, it is that statute, and not the All Writs Act, that governs. *Id*. at 32-34.

In the instant proceeding, to the extent that Cooper assails the manner in the Bureau of Prisons ("BOP") has calculated his custody designation and classification status, he is actually challenging the manner in which the BOP is executing his sentence. Another statute, 28 U.S.C. § 2241, specifically addresses such challenges and is the proper vehicle by which to assert such challenges. Cooper should therefore bring a petition for writ of habeas corpus under § 2241, not the All Writs Act.[1]

Cooper also relies on 28 U.S.C. § 1361, which is the Mandamus Act. Any reliance on that statutory authority is equally misplaced. The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir.1992); *see also Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir.1998). Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. *In*

---

[1] Cooper is unable to seek other equitable remedies. *Coram nobis* relief is unavailable as it "is available only when a § 2255 motion is unavailable-generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (citation and internal quotation marks omitted). Consequently, a prisoner in custody, like Cooper, is barred from seeking *coram nobis* relief. *Id*. *Audita querela* relief likewise is available only in limited circumstances, one of which requires completion of the sentence under attack. *Frost v. Snyder*, No. 00-5513, 2001 WL 406388, n. 1 at *2 (6th Cir. April 4, 2001) ("Since [*audita querela*] requires satisfaction of the judgment, it can only be used when the petitioner has served his or her sentence and been released from custody."). Cooper has not completed his federal sentence.

*re Nwanze*, 242 F.3d 521, 524 (3rd Cir.2001).

Here, in order to avail himself of mandamus relief, Cooper would have to establish: (1) that he has a clear right to the relief he seeks (a lower classification score); (2) that the respondent has a nondiscretionary duty to lower his classification score; and (3) that he has no other adequate remedy. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy); *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir.1997) (duty must be for specific, ministerial act, devoid of discretion).

Cooper cannot satisfy these criteria for two reasons. First, as noted, Cooper has another adequate remedy available to him: a petition for writ of habeas corpus under 28 U.S.C. § 2241.[2] Second, even were the Court to assume for the moment that § 1651 conferred an independent basis of jurisdiction over his requests, Cooper still does not have a clear right to the relief which he seeks, which is the lowering of his custody score from a "30" to a "22."

Cooper's claims are not clear and compelling on either legal or equitable grounds.[3] First, a prisoner does not have a constitutional right to be placed in a specific security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, (1976); *Montanye v. Haymes*, 427 U.S. 236, 242

---

[2] Should Cooper elect to proceed under 28 U.S.C. § 2241, he will be required to administratively exhaust his claims challenging his classification status. A federal inmate seeking habeas corpus relief must exhaust his administrative remedies before filing a petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).

[3] Before a writ of mandamus will issue a court must find that the arguments in favor of issuance of the writ are clear and compelling on both legal and equitable grounds. *13th Regional Corp. v. United States Dept. of Interior*, 654 F.2d 758, 760 (D.C.Cir.1980); *Campbell v. Tennessee Valley Authority*, 613 F.Supp. 611, 614 (E.D. Tenn.1985); *see also Hill v. United States Bd. of Parole*, 257 F.Supp. 129 (M.D. Pa.1966) (district court could not issue writ of mandamus on petition of federal prisoner to compel United States Board of Parole and warden to enter an earlier release date for prisoner, where Board and warden owed no duty to prisoner in regard to re-computation of sentence).

5

(1976); *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) ("Ford's designation as a "Security Threat Group Member" is nothing more than a security classification used by the prison. Because Ford does not have a constitutional right to a particular security level or classification, he fails to state a claim.").

Second, to the extent that Cooper complains about a detainer having been lodged against him, a detainer which adversely affects a prisoner's classification and eligibility for rehabilitative programs does not activate a due process right. *Id*.; *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Mader v. Sanders*, 667 F. App'x 869, 871 (6th Cir. 2003) (prisoner had no due process liberty interest in his placement and classification while incarcerated, and thus, prisoner's due process rights were not violated by BOP's refusal to transfer him to another facility with other inmates that had the same custody classification); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981) (per curiam).

Because neither § 1651 nor § 1361 confer an independent basis for jurisdiction, Cooper cannot establish relief under either statute. Because the Court lacks jurisdiction over Cooper's claims, his Petition for a Writ of Mandamus will be denied.

## 2. Equal Protection Claims

Cooper alleges that USP-Big Sandy official Hope Chance violated his right to equal protection by discriminating against him on the basis of his religion. He claims that the religious discrimination was the real reason behind her refusal to lower his custody classification score.

A claim of discrimination against a federal official falls under the Fifth Amendment of the United States Constitution. Such a constitutional claim must be brought in a civil rights

6

action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971), not in an action seeking equitable relief. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (a court reviewing a habeas petition may not delve into a petitioner's complaints about prison conditions); *see also Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("[T]he forum of the habeas proceeding did not, by itself, grant the district court jurisdiction to adjudicate Hodges's conditions-of-confinement claims, or to order injunctive relief in response thereto . . . .").

Cooper is advised of two items if he wishes to file a separate civil action asserting his Fifth Amendment discrimination claims. First, the filing fee for a civil action is $350.00, although a prisoner who qualifies for pauper status is permitted to remit installment payments on the filing fee. Second, before filing a lawsuit in federal court regarding conditions of confinement, federal law requires that a prisoner fully exhaust each and every such claim through the BOP's three-step administrative remedy procedure. *See* 42 U.S.C.1997e(a); *Porter v. Nussle*, 534 U.S. 534 U.S. 516 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999). Petitioner Cooper is duly advised.

### 3. FTCA Claims

By Order of October 26, 2009, the Court asked Cooper to provide evidence that he had administratively exhausted his FTCA claims. [R. 4, p.3, ¶ (G)] Such evidence is necessary to establish subject matter jurisdiction over the FTCA claims.

The FTCA permits the exercise of subject matter jurisdiction over such a claim only if it has already been presented to the agency for administrative settlement and the agency has

7

denied the request. 28 U.S.C. § 2675(a); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). If the putative plaintiff failed to file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States. *McNeil v. United States*, 508 U.S. 106 (1993); *See Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997) ("The Plaintiff never exhausted her administrative remedies nor does she allege that she has done so. Consequently, the district court never had jurisdiction over the FTCA claims against the United States and should have dismissed them for lack of subject matter jurisdiction."); *Bowler v. United States*, 7 F. App'x 365, 366 (6th Cir. 2001) (the district court correctly concluded that it lacked subject matter jurisdiction over plaintiff's claim under the FTCA because plaintiff did not satisfy a jurisdictional prerequisite by exhausting administrative remedies before filing his claim under the FTCA).

Cooper has not filed the requested documents into the record. Having failed to do so, he has failed to establish this Court's subject matter jurisdiction over his negligence claims. His FTCA claims will be dismissed without prejudice. Additionally, this equitable proceeding is not the proper means by which Cooper should assert negligence claims under the FTCA. Cooper is advised that if he elects to pursue his FTCA negligence claims, he should do so by way of a separate civil action. *See Martin*, 391 F.3d at 714.

CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1.    Michael E. Cooper's Petition for Writ of Mandamus regarding his custody classification and score [R. 2] is **DENIED.**

2. Michael E. Cooper's claims of denial of equal protection under the Fifth Amendment of the United States Constitution are **DISMISSED WITHOUT PREJUDICE**.

3. Michael E. Cooper's negligence claims asserted under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 are **DISMISSED WITHOUT PREJUDICE**.

4. This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

Dated this 17th day of December, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge